EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br><br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s): |
|---|---|---|

_____ and EEOC

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.)<br>Dr. Edward Lundy Baety | Home Phone (Incl. Area Code)<br>███████ | Date of Birth<br>████ 1972 |
|---|---|---|
| Street Address  ████████ | City, State and ZIP Code  ████████ | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name<br>DeKalb County School District | No. Employees, Members<br>500+ | Phone No. (Incl. Area Code)<br>678-676-1200 |
|---|---|---|
| Street Address<br>1701 Mountain Industrial Boulevard | City, State and ZIP Code<br>Stone Mountain, GA 30083 | |
| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☒ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☒ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest _____ Latest _____

Approx. Sept. 2019 to now

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Please see the attached narrative.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

11/5/22
Date    Charging Party Signature

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

Dr. Edward Lundy Baety Narrative

Last school year, at DeKalb County School District, (spring of '22) Coordinator 3 (Jacqueline Sparks) (like school principal) retired in January '22. Ms. Woods, Director of GNETS (Georgia Network of Education Therapeutic Services) told Dr. Baety it would be a great fit for him to be Coordinator 3 after Sparks. Baety was acting Coordinator 3 at Shadowrock Center until interviews took place in later spring.

In May 2022, Baety filed a complaint with Employee Relations about not giving him the position. Baety had been recommended by his director Ms. Woods for promotion, but he was denied that promotion. It was said in a hearing that it was the plan not to hire Dr. Baety because of his disability. Baety had a perfect interview score from Ms Woods, but he was denied the job anyway. Then Baety was put in physically harmful situations not related to his job and for which he was exempted by his prior ADA accommodation. Baety reported this to Employee Relations and was told they would handle it. They informed Ms. Maddox, who had replaced Ms. Woods, but she ignored Employee Relations and told Baety to do what she said. Baety was injured twice by students on or around September 16 and 30th, 2022 and had to seek medical attention because of this. The first incident he was punched in the face. In the second incident, a student attacked Dr. Baety causing him injury in a fall to his back and knee.

When they had the Employee Relations Complaint hearing Dr. Baety had witness who worked at Shadowrock Center, where he worked, and they had stated that there had been comments made by Ms. Sparks and other administration that Baety should not get the job because he was disabled. It is true that Dr. Baety has a disability, but he can perform the Coordinator 3 duties with reasonable accommodations. In fact, he had been doing so for several months. Dr. Baety's disability is one of motor function. He has difficulty walking. However, he can perform all of the essential tasks of a Coordinator 3. The accommodations Dr. Baety would need are not particularly significant for DCSDand have been granted. Essentially, what he needs is, along with related considerations, that he is allowed to use his cane for walking, and allowed extra time for walking, which can be slower than usual.

Dr. Baety is still treating for his recent knee injury, which resulted from Ms. Maddox's actions of sending him back to student interactions at Shadowrock Center, in violation of his ADA accommodation already received. See attached Accommodation exhibit.

Discrimination started about two years ago, before Ms. Sparks even left. Ms. Angela Smith at Eaglewood Academy had a problem with working for white people and had a problem with others who had no problem doing so. She has a long history of complaints about her attitudes and presentation. Particularly, Smith had a problem with those who did not have a problem working for Ms. Woods. This discrimination based on race affected every aspect of Dr. Baety's treatment herein. It is also important to note that Smith has animosity for men and also discriminated against Baety for that reason as described throughout herein.

It is also important to note that Dr. Baety was replaced as acting Coordinator at Shadowrock by Carlton Vivians. Vivians is in his late 30s. Dr. Baety is over 40 and more precisely 50. Age was also a factor of discrimination in this matter as described throughout herein. Dr. Baety's qualification were significantly superior to those of Vivians and Vivians was selected over Baety anyway.

As such, Dr. Baety experienced discrimination based on race, sex, age, and disability and a hostile work environment based on race, sex, age, and disability. He was retaliated against based on his protected

complaints about disability and race discrimination.  He was discriminated against in failure to promote based on disability, age, and race.  His support by Ms. Woods, who was white, was held heavily against him in an unlawful manner because.  He was discriminated against based on race for supporting Woods.

Dr. Baety has tried to address matters with DeKalb County School District.  See attached Level I Hearing Decision.  The hearing was on Monday, May 2, 2022.  The decision condones, ratifies, and therefore supports and continues the discriminatory practices complained of herein by Dr. Baety.

Therefore, Dr. Baety files this charge with the EEOC and seeks relief under Title VII, the ADEA, and the ADA/Rehabilitation Act.

This 5th day of November, 2022.

_____
Dr. Edward Lundy Baety

 **Human Resources**

## MEMORANDUM

September 24, 2021

TO:        Desiree Woods, Director
           Angela Smith, Coordinator
           Eagle Woods Academy

CC:        Dr. Edward Baety

FROM:      Robin Goolsby, Specialist II
           Employee Relations

THROUGH:   Marissa Key, Executive Officer of Human Resources
           Employee Relations

RE:        Dr. Edward Baety, Behavior Specialist
           ADA Accommodations

Workplace accommodations for DeKalb County School District ("DCSD") accommodations are made on a case-by-case basis. The DCSD provides accommodations in compliance with The Americans with Disabilities Act, as amended ("ADA"). The following recommendations are hereby forwarded to assist you with providing reasonable accommodations to Ms. Baetyy as follows:

1. Allow Dr. Baety to use his mobility support devices, as needed.
2. Dr. Baety shall not be required to interact physically with students.
3. Dr. Baety and his supervisor(s) will coordinate on a flexible schedule that allow Dr. Baety to attend his regularly scheduled medical appointments, as needed.
4. Allow Dr. Baety to take frequent breaks, (10-15 minutes) away from students. (***Employee shall notify the supervisor or supervisor designee to request assistance to cover his duties while he is away from his students).***
5. Limit the workday to 8 hours ***(Exception for mandatory staff meeting, i.e., department meeting, faculty meetings and Parent/Teacher conferences)***
6. Dr. Baety may also apply for Family Medical Leave through the Family Medical Leave Act ("FMLA").  FMLA days must be coordinated with the Human Resources Department, pursuant to FMLA guidelines, as soon as practical.  These provisions must be updated annually.

Robert R. Freeman Administrative Complex
1701 Mountain Industrial Boulevard | Stone Mountain, GA 30083
678.676.0005 | www.dekalbschoolsga.org

Accommodations and medical needs for Dr. Baety will be confidentially communicated to supervisor(s) and co-workers, on an as needed basis only.

Should you have any questions or concern, please feel free to contact our office at 678-676-0391

Robert R. Freeman Administrative Complex
1701 Mountain Industrial Boulevard | Stone Mountain, GA 30083
678.676.0005 | www.dekalbschoolsga.org

DEKALB COUNTY SCHOOL DISTRICT

DEKALB COUNTY, GEORGIA

DR. EDWARD BAETY, Behavior Specialist, Eagle Woods Academy,

Complainant,

MS. ANGELA SMITH, Coordinator III, Eagle Woods Academy

Respondent.

## LEVEL I HEARING DECISION

On Monday, May 2, 2022 at 9:30 am a Virtual Level I hearing was conducted regarding a Personnel Complaint dated March 2, 2022. The hearing was conducted via the Microsoft TEAMS platform and was recorded. The Complainant, Dr. Edward Baety and the Respondent, Ms. Angela Smith were present and presented their case.

## FACTS

Dr. Baety is a Behavior Interventionist and Ms. Smith is a Coordinator III. Both employees report to Ms. Woods, the Director of the GNETS program.

On February 17, 2022 an incident with a student occurred in a gym class. A student was acting out, cussing and throwing things on the floor. The student was separated from the class and assistance was requested. Ms. Smith came to assist. A campus supervisor was present and was asked to help. He just told the student to get back to class "nephew" and went into his office

Ms. Smith knocked on Dr. Baety's door and asked him to watch the student. Dr. Baety refused and questioned the propriety of taking the student out of instruction. It was alleged that Dr. Baety stated he would not "babysit" the student.

Ms. Smith and the student had agreed to a Behavior Expectation Contract which provided that the student could be removed from the gym class for "Any form of physical aggression = 5 days of PE without peers" (the copy of the agreement submitted at the hearing is unexecuted). The expectation was that the student would be separated from the class and perform physical

exercise individually. There was a question whether this would equal ISS and potentially a violation of FAPE.

Ms. Smith wanted to write Dr. Baety up for insubordination. Ms. Woods intervened and looked into the incident. Both Ms. Smith and Dr. Baety report to Ms. Woods. Ms. Smith is not Dr. Baety's supervisor.

Ms. Smith found no wrongdoing on Dr. Baety's part and found that a Letter of Direction was not required.

There was a prior incident in 2021 when Ms. Smith alleged that there were false statements made in a Donor's Choose grant application and missing funds. Ms. Smith went to the Regional Superintendent, going around Ms. Woods. Nothing unethical was found and Dr. Baety was cleared. A mediation was attempted between Ms. Smith and Dr. Baety to resolve their issues.

There were also racially charged statements regarding Ms. Woods by Ms. Smith.

Ms. Smith presented testimony that the treatment of the student was not a violation of FAPE and was not ISS. Ms. Smith further presented testimony that there is not a toxic work environment and that she acts professionally with staff and Dr. Beaty.

### DISCUSSION

The Complaint alleges Unprofessional Conduct, Harassment, Hostile Work Environment and Bullying on the part of the Respondent. The primary complaint is regarding an incident where Ms. Smith asked Dr. Baety for assistance with a disruptive student.

The Code of Ethics for Educators defines Professional Conduct stating "An educator shall demonstrate conduct that follows generally recognized professional standards and preserves the dignity and integrity of the education profession." Ga. Comp R & Regs Rule 505-6-01 (3)(i).

DeKalb Board of Education policy GABE states "All employees of the DeKalb County School District are entitled to work in an environment free from harassment, including sexual harassment and all other forms of discrimination. In accordance with state and federal laws, the District prohibits harassment and discrimination on the basis of race, color, sex, gender, sexual orientation, national origin, ancestry, religion, age, disability, genetic information, service in the uniformed service or any other legally protected status.

Harassment is a form of misconduct that undermines the integrity of the employment relationship and is prohibited by this policy. This prohibition includes, but is not limited to, offensive verbal or physical conduct by supervisory or non-supervisory staff."

Board Policy GAEB-R(1) further prohibits harassment or bullying on school property.

A hostile work environment requires that the behavior is severe, pervasive and that a reasonable person would find the workplace hostile.

There are obviously divisions among the staff at Eagle Woods Academy. It appears that there are two factions one supporting Ms. Woods and one supporting Ms. Smith. Ms. Smith and Dr. Baety appear to have had ongoing conflicts at the school.

The incident that lead to this Complaint was regarding the treatment of a disruptive student. Ms. Smith's request for assistance with the student from Dr. Baety on its face does not seem unreasonable. Although Ms. Woods said she would look into the matter, Ms. Smith then sent an e-mail as a Letter of Direction to Dr. Baety. Ms. Smith is not Dr. Baety's supervisor.

There had been a prior incident where Ms. Smith went around Ms. Woods regarding her concerns with a grant application. No wrong doing by Dr. Baety was found in either incident.

Dr. Baety presented general evidence that Ms. Smith fostered a toxic and hostile workplace. Ms. Smith presented evidence that there was no harassment or toxic workplace.

The claimant has not proven by a preponderance of the evidence that the actions of Ms. Smith in these two incidents are so severe and pervasive that a reasonable person would find the workplace hostile. The Complainant has not proven that the alleged harassment was because he is in a protected class. There was no evidence of harassing physical or verbal conduct by Ms. Smith directed at Dr. Baety.

There was evidence that Ms. Smith made racially charged statements regarding Ms. Woods that were unprofessional.

## DECISION

The relief requested was for Ms. Smith to be removed from the building or terminated. The evidence does not support such drastic measures. It is recommended that the District review the climate and culture at Eagle Woods Academy.

This _____ day of May, 2022.

Howard Henson
Hearing Officer